# In the United States Court of Federal Claims

NOT FOR PUBLICATION
Nos. 09-503L, 09-241L, & 09-158L
(Filed:  February 4, 2014)

| | |
|---|---|
| WILMA N. ADKINS, *et al.*, | ) ) ) |
| and, | ) ) |
| STEVEN JENKINS, *et al.*, | ) ) ) |
| and, | ) ) |
| MARK S. RASMUSON and BRENDA S. RASMUSON, husband and wife, *et al.*, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) |
| Defendant. | ) ) |

**OPINION ON PARTIAL SUMMARY JUDGMENT**

Pending before the court are the plaintiffs' motions for partial summary judgment on the appropriate interest rate necessary to provide just compensation for the period of delay between the date of taking and the final payment.  The court determined just compensation for each of the three cases in a final trial opinion issued on October 25, 2013.  Adkins v. United States, No. 09-503, ECF No. 119; Jenkins v. United States, No. 09-241, ECF No. 157; Rasmuson v. United States, No. 09-158, ECF No. 137.  The

1

parties have not been able to reach agreement on the proper interest rate to be applied to the court's awards of just compensation.  The plaintiffs seek a ruling that the interest should be calculated based on the average annual rate using Moody's Composite Index of Yields on Aaa Long Term Corporate Bonds ("Moody's Rate").[1]  The government argues that the court should apply the rates authorized under the Declaration of Takings Act, 40 U.S.C. § 3116 (2012) ("DTA"), which pegs its rate to the one-year Treasury yield rate set by the Federal Reserve ("52-week T-bill" or "Treasuries").  In the alternative, the government argues for a shorter-term corporate bond rate and urges the court to adopt the rates set for corporate bond maturities ranging from one to three years and maintained by the Bank of America/Merrill Lynch.

## DISCUSSION

It is well-settled that plaintiffs are entitled to interest as part of their just compensation under the Fifth Amendment.  Kirby Forest Indus., Inc. v. United States, 467 U.S. 1, 10 (1984) ("[T]he owner is entitled to interest thereon sufficient to ensure that he is placed in as good a position pecuniarily as he would have occupied if the payment had coincided with the appropriation.").  Plaintiffs argue that this court and others have consistently held that an interest rate should be set based on the prudent investor rule ("PIR"), under which the proper interest rate is calculated "based not on an assessment of how a particular plaintiff would have invested any recovery, but rather on how 'a

---

[1] The plaintiffs have submitted an affidavit in support their motion attached to their reply brief.  The defendant argues that this affidavit was not timely filed and should be stricken.  The court finds that it is not necessary to consider the affidavit in order to resolve the pending motions and thus the Motion to Strike is **DENIED** as moot.

reasonably prudent person' would have invested the funds to 'produce a reasonable return while maintaining the safety of principal.'" Tulare Lake Basin Water Storage Dist. v. United States, 61 Fed. Cl. 624, 627 (2004) (quoting United States v. 429.59 Acres of Land, 612 F.2d 459, 464-65 (9th Cir. 1980)). Courts have consistently found the Moody's Rate to satisfy PIR. See Biery v. United States, 2012 WL 5914521 (Fed. Cl. 2012). For example, in Pitcairn v. United States, 547 F.2d 1106, 1122-24 (Ct. Cl. 1976), the Court of Claims, in departing from the DTA rate at the time, approved a set of interest rates adopted by the trial court based on historic and current Moody's Rates. The Court of Claims noted that "long-term corporate bond yields are an indicator of broad trends and relative levels of investment yields or interest rates." Id. at 1124. See also Tektronix, Inc. v. United States, 552 F.2d 343, 352-53 (Ct. Cl. 1977); Georgia-Pacific Corp. v. United States, 640 F.2d 328, 365-66 (Ct. Cl. 1980) (applying the Pitcairn rates in a takings case); Miller v. United States, 620 F.2d 812, 839-40 (Ct. Cl. 1980). More recently, this court has used the Moody's Rate over the DTA rate, reasoning that it provided the best approximation of actual market conditions from 2007 to 2012, a time period which also substantially overlaps with the period at issue in the present case. Biery, 2012 WL 5914521, at *3-4.

    The government argues that the Moody's Rate is not appropriate and that a lower rate based on either the DTA rate or a short-term bond rate should be used because the plaintiffs' proposed Moody's Rate improperly enriches plaintiffs. According to the government, the plaintiffs' bond yield rate is too high because it presents higher risks than would be acceptable to a reasonably prudent investor. The government contends

that a reasonably prudent investor would not put all of his or her money into these higher-yield bonds. For these reasons, the government proposes that the court use the index of "AAA to A-rated corporate bonds with maturities ranging from one-to-three years maintained by the Bank of America/Merrill Lynch."

After considering the parties' arguments, the court concludes that the Moody's Rate, as proposed by the plaintiffs, should be applied in this case. This court has discretion in determining what interest rate should apply. Pitcairn, 547 F.2d at 1122. The court's primary goal in determining a correct interest rate is to employ an interest calculation that does not simply "yiel[d] a higher or lower payment, but rather . . . is the more accurate measure of the economic harm to property owners." NRG Co. v. United States, 31 Fed. Cl. 659, 670 n.8 (1994). In making this determination, the court is to choose an interest rate that puts the property owner in as good a financial position as if the compensation were given concurrently with the taking. Kirby Forest Indus., 467 U.S. at 10.

With these standards in mind, the court is persuaded that in this instance, as it was in Biery, an objective "reasonably prudent investor" would have sought yields consistent with the Moody's Rate. See Pitcairn, 547 F.2d at 1124 ("[L]ong-term corporate bond yields are an indicator of broad trends and relative levels of investment yields or interest rates. They cover the broadest segment of the interest rate spectrum.").

In addition, the court finds that it is appropriate to compound interest annually. Compound interest may be necessary "to accomplish complete justice" under the Just Compensation Clause. Dynamics Corp. of Am. v. United States, 766 F.2d 518, 519 (Fed.

4

Cir. 1985) (citations and quotation marks omitted).  Compound interest is also in accord with prudent investment practices.  <u>Brunswick Corp. v. United States</u>, 36 Fed. Cl. 204, 219 (1996) ("[I]nterest rates shall be compounded annually since no prudent, commercially reasonable investor would invest at simple interest.").

Finally, the court notes that the parties have provided different numbers for the Moody's Rates.  The court adopts the plaintiffs' revised rates as set forth in their December 10, 2013 reply brief, as follows:

| Year | Moody's Long Term Aaa Corporate Bond Index |
|---|---|
| 2003 | 5.69% |
| 2004 | 5.59% |
| 2005 | 5.36% |
| 2006 | 5.59% |
| 2007 | 5.56% |
| 2008 | 5.63% |
| 2009 | 5.31% |
| 2010 | 4.94% |
| 2011 | 4.64% |
| 2012 | 3.67% |
| 2013 | 4.16% |

## CONCLUSION

For the foregoing reasons, the plaintiffs' motion for partial summary judgment is **GRANTED**.

**IT IS SO ORDERED.**

                                                    s/Nancy B. Firestone  
                                                    NANCY B. FIRESTONE  
                                                    Judge